```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                CRIMINAL NO. 5:13-cr-13(DCB)(FKB)

HECTOR MIGUEL DIAZ-OSUNA, and
RICARDO GONZALEZ-PORRAS


                    ORDER DENYING MOTION TO SEVER

This cause is before the Court on defendant Hector Miguel Diaz-Osuna ("Diaz")'s Motion to Sever Defendants **(docket entry 26)**. Having carefully considered the motion, the Government's response, and Diaz's reply, as well as the applicable law, the Court finds as follows:

On December 10, 2013, the Grand Jury returned a one-count indictment against Diaz, charging him with rioting and conspiracy to riot at the Adams County Correctional Center. Diaz was arraigned on January 14, 2014, and trial was set for April 7, 2014.

On March 4, 2014, the grand jury returned a superseding indictment against Diaz and Ricardo Gonzalez-Porras ("Gonzalez"), charging Diaz and Gonzalez with rioting and conspiracy to riot. Diaz was arraigned on the superseding indictment and entered a not guilty plea on March 11, 2014.

On March 14, 2014, Diaz filed the present motion, seeking to have his trial severed from that of his co-defendant, Gonzalez. Gonzalez was arraigned on March 31, 2014, and trial was set for June 2, 2014.

The Superceding Indictment alleges that Diaz and Gonzalez participated in the same transaction and series of transactions constituting the same offense, consistent with the Rule of Joinder (Fed.R.Crim.P. 8(b)).  The Government anticipates that at trial witnesses will testify that Diaz and Gonzalez acted in concert with each other at the same location to cause a mutiny and riot and to conspire to cause a mutiny and riot.  Gov. Response, p. 2.

"The denial of a motion to sever is reviewed under an exceedingly differential abuse of discretion standard."  United States v. Whitfield, 590 F.3d 325, 355 (5th Cir. 2009)(quoting United States v. Tarango, 396 F.3d 666, 673 (5th Cir. 2005)(internal quotation marks omitted)).  The Fifth Circuit has stated, "[W]e will not reverse a conviction based upon a denial of a motion to sever 'unless the defendant can demonstrate compelling prejudice against which the trial court was unable to afford protection, and that he was unable to obtain a fair trial.'"  Whitfield, 590 F.3d at 355 (quoting United States v. Massey, 829 F.2d 995, 1004 (5th Cir. 1987).

Federal Rule of Criminal Procedure 8 specifically provides for the joinder of defendants where they participated in the same series of acts or transactions constituting an offense or group of offenses:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or

2

> offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Civ.P. 8(b). The Fifth Circuit has held that Rule 8(b) "is to be broadly construed in favor of initial joinder." United States v. Piaget, 915 F.2d 138, 142 (5th Cir. 1990). The Superceding Indictment alleges that Diaz and Gonzalez, "aided and abetted by each other, and by others known and unknown to the Grand Jury, willfully instigated, connived, attempted to cause, assisted and conspired to cause a mutiny and riot ...." Docket Entry 19. The Government "anticipates that evidence will be presented at trial showing that Diaz and Gonzalez actively participated in the riot at the same time and same location and acted in concert with each other." Gov. Response, p. 3. "When the facts underlying each offense are so closely related that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper." United States v. Gentile, 495 F.2d 626, 630 (5th Cir. 1974); United States v. Coppola, 788 F.2d 303, 306 (5th Cir. 1986). Thus, each defendant was properly joined under Rule 8(b).

Notwithstanding Rule 8(b), Diaz asserts that he is entitled to a severance under Fed.R.Crim.P. 14. Rule 14(a) states:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The Government contends that Diaz cannot demonstrate the kind of prejudice that would necessitate severance.  Diaz argues that unless his case is severed from that of Gonzalez, his "statutory and constitutional rights to a speedy trial will [ ] be infringed upon."  Motion, pp. 2-3.  It is the rule, however, rather than the exception, that persons indicted together should be tried together, especially in conspiracy cases.  United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir. 1993).  The Supreme Court has observed that

> [j]oint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability - advantages which sometimes operate to the defendant's benefit.  Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

Richardson v. Marsh, 481 U.S. 200, 209-10 (1987).

The Supreme Court has also required that prejudice be shown by the defendant, and severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).  Diaz does not allege that a joint trial would violate a specific trial right or that the jury would somehow be prevented from making a reliable judgment about guilt or innocence.

In other cases, the Fifth Circuit has affirmed the District Court's denial of defendants' motions to sever.  The Fifth Circuit

4

has consistently held that "[n]either a quantitative disparity in the evidence nor a prejudicial spillover effect is sufficient in and of itself to warrant a severance." United States v. Broussard, 80 F.3d 1025, 1037 (5th Cir. 1996); see also United States v. Dale, 374 F.3d 321, 325 (5th Cir. 2004); United States v. Mitchell, 31 F.3d 271, 276 (5th Cir. 1994). In United States v. Misher, 99 F.3d 664 (5th Cir. 1996), the defendant was charged in a drug conspiracy count along with his co-defendants, but not in the money laundering counts. Misher argued that his trial should have been severed from that of his co-defendants. The Fifth Circuit found that the defendant had failed to establish "compelling prejudice":

> [T]he district court gave proper jury instructions, clearly noting that each count was to be considered separately, that the case of each defendant should be considered individually, and that the verdict of one defendant does not affect the guilt of the others. (16 R.1934). In conspiracy cases, the general rule is that persons indicted together should be tried together. A defendant can only obtain a reversal for failure to sever if he can demonstrate "compelling prejudice against which the trial court was unable to afford protection." United States v. Fields, 72 F.3d 1200, 1215 (5th Cir.)(quoting United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir.), cert. denied, 510 U.S. 898, 114 S.Ct. 266, 126 L.Ed.2d 218 (1993)), cert. denied, 519 U.S. 807, 117 S.Ct. 48, 136 L.Ed.2d 13 (1996). Here, the cautionary instructions were sufficient to protect the appellant from prejudice.

Id. at 669.

In this case, there is no possibility of a "spillover effect" between co-defendants inasmuch as the Superseding Indictment is a one-count indictment. The co-defendants are properly joined and Diaz has not demonstrated potential prejudice.

Diaz also asserts that his right to a speedy trial will be violated if a severance is not granted. However, when a superseding indictment does not merely make minor corrections to an original indictment, but widens the scope of criminal prosecution so as to try other conspirators (as in this case), the starting point for the speedy trial clock is reset to the date of arraignment on the superseding indictment. 18 U.S.C. § 3161; United States v. Harris, 566 F.3d 422 (5th Cir. 2009). In addition, 18 U.S.C. § 3161(h)(6) specifically provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Id. In other words, "the excludable delay of one codefendant may be attributable to all codefendants." United States v. Stephens, 489 F.3d 647 (5th Cir. 2007)(citing United States v. Franklin, 148 F.3d 451, 455 (5th Cir. 1998). In addition, the Supreme Court has interpreted 18 U.S.C. § 3161(h)(6) to mean that the speedy trial clock does not begin to run until the date of the most recent defendant's initial appearance before the court. See Henderson v. United States, 476 U.S. 321, 323 n.2 (1986).

The Eighth Circuit has stated, "pursuant to 18 U.S.C. § 3161(h)(7), we have held that when a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock

6

will be reset so that it reflects the speedy trial clock of the newly added codefendant." United States v. Lightfoot, 483 F.3d 876, 886-87 (8th Cir. 2007)(quoting United States v. Patterson, 140 F.3d 767, 772 (8th Cir. 1998)(internal quotations omitted)).  See also United States v. Cuda, 62 F.3d 395 (5th Cir. 1998)(indictment adding new defendants reset speedy trial clock).

   The Government also submits that, in the event Diaz is claiming a severance because of a possible Bruton issue, any concerns he raises about the admission of any out-of-court statements of a co-defendant that implicate him are premature and are readily addressed applying the principles of Bruton v. United States, 391 U.S. 123 (1968).  The Government also proposes that the Court's instructions to the jury at trial can easily obviate this asserted basis for severance.  Gov. Response, p. 7, citing United States v. Saltos, 1993 WL 117974, at *5 (5th Cir. Mar. 30, 1993)(unpublished)(rather than severance, less drastic measures, such as a limiting instruction will often suffice to cure any risk of prejudice)(citing Zafiro, 506 U.S. at 540)).

   The Court finds that the defendants are properly joined under Fed.R.Crim.P. 8 because, based on the Government's representations, their offense was committed during the same act and transaction, and in the same series of acts and transactions, many of which occurred at the exact same location and time, and were witnessed by many of the same witnesses.  In addition, Diaz has failed to show

7

the prejudice required under Fed.R.Crim.P. 14 in order to necessitate severance.  Also, Diaz has not demonstrated how a joint trial would compromise a trial right or that the jury would be prevented from making a reliable judgment about his guilt or innocence.  Finally, pursuant to 18 U.S.C. § 3161(h)(6) and Supreme Court, Fifth Circuit and other Circuit Court precedent, Diaz's speedy trial rights will not be infringed upon by a denial of his motion to sever.

    Accordingly,

    IT IS HEREBY ORDERED that defendant Hector Miguel Diaz-Osuna's Motion to Sever Defendants **(docket entry 26)** is DENIED.

    SO ORDERED, this the __11th__ day of April, 2014.

                                           __s/ David Bramlette__
                                       UNITED STATES DISTRICT JUDGE